Mr. Justice Tkaches
delivered the opinion of the court.
• This case is brought here by writ of error to the circuit court of Claiborne county.
The plaintiff instituted suit before a justice of the peace against the defendant, upon four of its circulation notes, for ten dollars each, and obtained a judgment, whereupon the defendant appealed to the circuit court of the county. The justice of the peace filed in the circuit court the appeal bond, &c., and also the four circulation notes upon which the action was founded. The plaintiff filed his declaration in assumpsit, containing the money counts only. On a trial of the general issue, a verdict was found for the defendant.
The chief objection at the trial seemed to be, that the circulation notes could not be read in evidence, because they did not correspond with a bill of particulars annexed to the declaration, and the court below so ruled. The discrepancy was in the dates, and the names of the payees of the notes.
The misdescription in the bill of particulars was’ not a good reason, in this case for ruling out the notes. In the first place, the notes themselves were filed with the declaration, and in the next place, they were correctly described in the warrant of the justice of the peace, showing the cause of action. It was an action for money, and therefore the notes were evidence under the money counts. The cause of action was manifest, because nothing could have more plainly and particularly described the cause of action than the notes sued upon, filed with the declaration. Where it is necessary to file a bill of particu *120 lars with a declaration, the bill should be plain and particular in the description of items. The necessity did not exist in this case, and notes agreeing in character with the bill of particulars could not have been admissible on the trial. The object of the statute is to afford the defendant “full notice” of the cause of action, and, whether he obtain it through the medium of the declaration, by the bill of particulars, or by the instrument sued upon being filed with the declaration, the end of the statute, is accomplished.
The judgment of the court below must be reversed, and a new trial granted by the circuit court of Claiborne county.